■ In the Matter of the Claim of GERMAN HUEBER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board denying claimant benefits on the grounds that claimant voluntarily left employment without good cause (Labor Law, § 593, subd. 1, par. [a]). In August, 1964, claimant, a mechanic, began a three-week vacation period. The customary arrangement was for claimant to take two weeks and then work the third week at double pay. This year claimant requested that he be excused from working the third week because of illness, which was acceded to. The claimant was then informed by mail that due to slow work there would be a one week layoff and he was to return to work on September 14. Claimant thereupon sent another letter informing the employer that due to his illness he could not resume work until September 21. The employer replied that claimant should report on the 21st and that if he produced a medical certificate he would be paid sick-leave benefits. Claimant neither reported on the 21st nor informed the employer of his intentions and it was not until September 29 that he inquired from the employer as to his status. On September 28 his job was filled by another employee. Claimant attempted to justify his failure to report to work on September 21 on the grounds that the short layoff notice and the request for a medical certificate before sick leave benefits would be paid violated the collective bargaining agreement between the employer and his union. This argument the board rejected, pointing out that claimant's remedy for any alleged grievances was to resort to the means available to him under the bargaining agreement and not by summarily leaving his job. The question of " good cause " is factual and thus the board's determination of this issue is final if supported by substantial evidence (Labor Law, § 623). On the present record the board could properly find that the " claimant knew, or should have known, that his failure to notify the employer would cause his replacement " (see *Matter of Malaspina* [*Corsi*], 309 N. Y. 413; *Matter of Salit* [*Catherwood*], 15 A D 2d 852; *Matter of Karman* [*Lubin*], 2 A D 2d 626), that his failure in notifying his employer was not justified and that thus his actions constituted a voluntary " quit " without good cause (*Matter of Gates* [*Catherwood*], 19 A D 2d 917; *Matter of Genza* [*Catherwood*], 16 A D 2d 997). Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of MARTA EGLITS, Appellant, v. BROOKLYN HEBREW HOME AND HOSPITAL FOR THE AGED et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the claimant from a decision of the Workmen's Compensation Board which found claimant did not sustain an accidental injury and disallowed the claim. Claimant, a physician, alleged that on April 11, 1962, she had a violent argument with an insubordinate nurse which caused her myocardial infarction and subsequent disability. The nurse disputed the happenings and the board found that the incident alleged " did not involve emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected ". There is substantial evidence in the record to support the board's determination and since it is a purely factual question the board's determination is final. Claimant's other contentions on this appeal are equally without merit. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.